IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BILLY R. MERCER, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:09cv490-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence filed by federal inmate Billy R. Mercer, Jr. ("Mercer").

**I.   BACKGROUND**

On February 16, 2006, a jury found Mercer guilty of intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count 1 of the indictment), and possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 2). Sentencing was held on May 24, 2006. Mercer was sentenced as a career offender under U.S.S.G. § 4B1.1 based on two prior qualifying convictions: his August 1996 Alabama conviction for sale of a controlled substance, which was counted as a "controlled substance offense," and his April 2004 Alabama conviction for felony driving under the influence ("DUI"), which was counted as a "crime of violence."[1] *See* U.S.S.G.

---

[1] In order to be a career offender, a defendant must have been at least eighteen years old at the time
(continued...)

§ 4B1.1. Under the career offender guidelines, Mercer's guideline range was 292 months to 365 months.[2]

Mercer's counsel objected to career offender treatment, arguing that Mercer's prior

---

[1](...continued)
the defendant committed the instant offense of conviction, the instant offense of conviction must be either a crime of violence or a controlled substance offense, and the defendant must have had at least two prior felony convictions of either a crime of violence or a controlled substance offense. *See* U.S.S.G. § 4B1.1(a).

[2]Because he was treated as a career offender under U.S.S.G. § 4B1.1, Mercer's offense level for Count 1 – intent to distribute methamphetamine – was increased from 18 to 34. *See* U.S.S.G. § 4B1.1(b) (providing for an offense level of 34 where a career offender's current offense provides a maximum penalty of 25 years or more but less than life). Mercer was given a two-point downward adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a), bringing his adjusted offense level to 32. Mercer had a criminal history score subtotal of 8 before two points were added because he was on probation at the time he committed these offenses, *see* U.S.S.G. § 4A1.1(d), and one point was added because he committed these offenses within two years of his release from custody for a sentence imposed in 2004 for felony DUI, *see* § 4A1.1(e). His criminal history category would have been V, but the career offender provision raised it to VI because of the § 4B1.1 enhancement. *See* U.S.S.G. § 4B1.1(b). The result was a guideline range of 210 to 262 months for Count 1.
    Under U.S.S.G. § 2K2.4(b), applying to convictions under 18 U.S.C. § 924(c), the guideline sentence for Count 2 of the indictment – possession of a firearm in furtherance of a drug-trafficking crime – was "the minimum term of imprisonment required by statute." *See* U.S.S.G. § 2K2.4(b). Section 924(c) required that a sentence of not less than 5 years (60 months), to be served consecutively to any other sentence, be imposed for Count 2. *See* 18 U.S.C. § 924(c)(1)(A).
    Pursuant to U.S.S.G. § 4B1.1(c)(2), where a defendant is convicted under § 924(c) and for another offense, and the defendant is determined to be a career offender, the applicable guideline range shall be *the greater of* either (a) the guideline range that results by adding the mandatory minimum consecutive penalty required by the § 924(c) count to the minimum and the maximum of the otherwise applicable guidelines range determined for the count of conviction other than the § 924(c) count or (b) the guideline range determined using the table set forth in U.S.S.G. § 4B1.1(c)(3). *See, e.g., United States v. Hird*, 398 Fed. Appx. 584 (11th Cir. 2010). As computed pursuant to U.S.S.G. § 4B1.1(a) and (b) and § 4B1.1(c)(2)(A), the "combined" guideline range for Counts 1 and 2 in Mercer's case, was 270 months to 322 months (i.e., [210 months + 60 months] to [262 months + 60 months]). The guideline range determined by using the table for § 924(c) offenders set forth in § 4B1.1(c)(3) was 292 months to 365 months. *See* U.S.S.G. § 4B1.1(c)(3). Therefore, the range resulting from application of § 4B1.1(c)(3) was the greater of the two ranges. Thus, pursuant to § 4B1.1(c)(2), Mercer's final guideline range was 292 months to 365 months.

conviction in Alabama for felony DUI was not a "crime of violence." When objecting, Mercer's counsel acknowledged that this district court, in *United States v. McGill*, 347 F.Supp.2d 120 (M.D. Ala. 2004), had held that felony DUI offenses committed in violation of Alabama law constitute "crimes of violence" for purposes of the career offender enhancement. However, Mercer's counsel stated that he wanted to preserve the issue for review in Mercer's case in the event the Eleventh Circuit were to take a different position from the district court in *McGill*, which was then pending on appeal, or if the appellate court did not rule in *McGill* by the time Mercer took an appeal.

The district court overruled counsel's objection and sentenced Mercer to 292 months in prison, which consisted of 232 months for Count 1 and 60 months for Count 2, the terms to run consecutively. On June 1, 2006 (approximately one week after Mercer was sentenced), the Eleventh Circuit affirmed the district court's ruling in *McGill*, holding that an Alabama felony DUI conviction constitutes a "crime of violence" for purposes of the career offender enhancement. *See United States v. McGill*, 450 F.3d 1276, 1282 (11th Cir. 2006).

On June 2, 2006, Mercer appealed his convictions to the Eleventh Circuit, raising two issues: (1) whether the district court erred in denying his motion to suppress drug and firearm evidence and his post-arrest statements to the police; and (2) whether the evidence presented at trial was insufficient to support his convictions. On appeal, Mercer did not challenge his sentence or his career offender determination. On August 28, 2008, the Eleventh Circuit affirmed Mercer's convictions. *See United States v. Mercer*, 541 F.3d 1070 (11th Cir. 2008).

3

Mercer then filed a petition for a writ of certiorari with the United States Supreme Court, which that court denied on January 12, 2009. *See Mercer v. United States*, 129 S.Ct. 954 (2009).

On May 20, 2009, Mercer filed this motion under 28 U.S.C. § 2255 (Doc. No. 1), asserting that he is actually innocent of the career offender status upon which he was sentenced in light of the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008), and the Eleventh Circuit's decision in *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), both cases that were decided after he was sentenced. In a supplemental pleading (Doc. No. 15), Mercer argues that his "actual innocence" claim finds further support in the holding of *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010), a panel decision of the Eleventh Circuit decided on June 21, 2010, approximately twelve months after Mercer filed his § 2255 motion.

The government argues that Mercer's claim is procedurally defaulted because he failed to raise it on direct appeal. (Doc. No. 10.) The government further argues that because Mercer fails to establish cause for his procedural default and likewise fails to satisfy the standard for actual innocence, he cannot avoid the procedural bar to his challenge to his sentence and his § 2255 motion should therefore be denied. (*Id*.)

After due consideration of Mercer's § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in*

4

*the United States District Courts*, the § 2255 motion should be denied.

## II. DISCUSSION

### A. *General Standard of Review*

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in

*Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent."

### B.     Mercer's Claim

Mercer challenges his sentence, arguing that in light of the holdings in *Begay*, *Archer*, and *Gilbert*,[3] he is "actually innocent" of being a career offender because a conviction for felony DUI no longer serves as a qualifying "crime of violence" for purposes of the career offender enhancement. (Doc. Nos. 1, 14, and 15.) He contends that he is therefore entitled to be resentenced as a non-career offender.

In *Begay*, which was released on April 16, 2008 (while Mercer's direct appeal was pending), the Supreme Court held that the offense of driving under the influence was not a "violent felony" within the definition contained in 18 U.S.C. § 924(e)(2)(B)(ii), an Armed Career Criminal Act ("ACCA") enhancement provision.[4] *See* 553 U.S. at 148. In so doing, the Supreme Court established a new standard for determining whether a prior conviction is a "violent felony." The Court interpreted the list of enumerated crimes in the first clause of § 924(e)(2)(B)(ii) as having a limiting effect on the second clause of § 924(e)(2)(B)(ii). *Id.*

---

[3] *Begay v. United States*, 553 U.S. 137 (2008); *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008); *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010).

[4] The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year ... that– (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

6

at 141-43. The Court concluded that the second clause did not cover all crimes that involved a "serious potential risk of physical injury to another," but only those crimes that were "roughly similar, in kind as well as in degree of risk posed" to burglary, arson, extortion, or crimes involving the use of explosives. *Id*. at 142. The Court also noted that all of these enumerated crimes "typically involve purposeful, violent, and aggressive conduct." *Id*. at 144-45 (quotations omitted).

In *Archer* (decided June 26, 2008), the Eleventh Circuit extrapolated from *Begay* to hold that carrying a concealed firearm was not a "crime of violence," as defined in U.S.S.G. § 4B1.2(a) for purposes of the § 4B1.1 career offender enhancement. *See* 531 F.3d at 1352. The Eleventh Circuit noted in *Archer* that the definition of "violent felony" under the ACCA is virtually identical to the definition of "crime of violence" under the career offender guideline[5] and thus concluded that the *Begay* analysis applies to both "violent felonies" under the ACCA and "crimes of violence" under the career offender guideline. *Archer*, 531 F.3d at 1350-52 & n.1.

In the *Gilbert* opinion cited by Mercer, a three-judge panel of the Eleventh Circuit held that a defendant erroneously sentenced as a career offender based on a prior conviction that does not constitute a "crime of violence," as that term is used in U.S.S.G. § 4B1.1 and

---

[5]U.S.S.G. § 4B1.2 defines a "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

7

defined in § 4B1.2(a), is "actually innocent" of being a career offender and thus may bring a *Begay/Archer* claim collaterally attacking his erroneous classification as a career offender and the sentence resulting from that classification, even though such a collateral attack would otherwise be procedurally barred. 609 F.3d at 1165-66.

Although the *Gilbert* panel opinion relied upon by Mercer would initially seem to provide solid support for his claim for collateral relief, that opinion was vacated and rehearing en banc was granted. *See Gilbert v. United States*, 625 F.3d 716 (11th Cir. 2010). On rehearing, the Eleventh Circuit expressly rejected the argument that a defendant could be convicted of – or actually innocent of – being a career offender. Holding that "actual innocence" does not apply to a career offender designation, because status as a career offender is not a separate offense, the Eleventh Circuit stated:

> A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement.... Gilbert's position turns on treating sentences as convictions, and an argument that depends on calling a duck a donkey is not much of an argument....

*Gilbert v. United States*, 640 F.3d 1293, 1320 (11th Cir. 2011) ("*Gilbert II*") (decided May 19, 2011). Thus, the Eleventh Circuit held that the petitioner in *Gilbert* could not use a habeas corpus petition via the "savings clause" of 28 U.S.C. § 2255(e) to challenge his career offender designation based on a claim that he was "actually innocent" of being a career offender. *Id.* at 1320-23.

Here, because Mercer cannot be "actually innocent" of being a career offender, he

8

cannot use actual innocence to circumvent any otherwise applicable procedural bars to his asserting his claim for relief via § 2255. It is undisputed that Mercer failed to challenge his status as a career offender on direct appeal. Ordinarily, if an available claim is not advanced on direct appeal, it is deemed procedurally barred in a § 2255 proceeding. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). A petitioner can avoid this procedural bar only by showing both cause for the failure to raise the claim on direct appeal and actual prejudice arising from that failure. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Mill*s, 36 F.3d at 1055.

To show cause for a procedural default, Mercer "must show that some objective factor external to the defense prevented him or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to his own conduct." *Lynn v. United States*, 365 F.3d 1225, 1235 n.19 (11th Cir. 2004). "In determining whether cause exists, the Supreme Court has held that the question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was available at all." *Id*.

Mercer asserts that he did not raise a career offender challenge on direct appeal because it was foreclosed by then-existing circuit precedent. However, he fails to show that this challenge "was unavailable at all on direct appeal." *See Lynn*, 365 F.3d at 1236. Furthermore, the "[p]erceived futility of a claim does not constitute cause for a procedural default." *Id*. at 1235 n.19. "While ... a claim that is so novel that its legal basis is not

9

reasonably available to counsel may constitute cause for a procedural default, ... futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley v. United States*, 523 U.S. 614, 622-23 (1998) (citations omitted). *See United States v. Coley*, 336 Fed.Appx. 933, 936 (11th Cir. 2009) ("*Begay* and *Archer* had not yet been decided when Coley was sentenced in 2003; however, if he believed that his career offender status was improper under the guidelines that claim could have been made on direct appeal – just as Begay and Archer later did."). Mercer's claim was not novel at the time of his direct appeal. Because Mercer does not show that some objective factor external to the defense prevented him from raising his career offender claim on direct appeal, he fails to establish cause to overcome the procedural default of his claim.[6]

A court may still allow a petitioner to proceed with a § 2255 motion despite his failure to show cause for procedural default "'if a constitutional violation has probably resulted in

---

[6] Mercer does not assert ineffective assistance of appellate counsel as cause for his failure to raise his career offender challenge on direct appeal. However, even if he did assert the ineffective assistance of counsel as cause, his argument would be unavailing. Mercer's counsel could not render constitutionally ineffective assistance by failing to raise the career offender issue on appeal and failing to foresee the Supreme Court's decision in *Begay* (and the Eleventh Circuit's decision in *Archer*). "In this circuit, we have a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel." *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001). The Eleventh Circuit has held that reasonably effective representation does not include a requirement to make arguments based on predictions of how the law might develop. *See Spaziano v. Singletary*, 36 F.3d 1028,1039 (11th Cir. 1994). Moreover, even if a claim based upon an anticipated change in the law is reasonably available at the time counsel failed to raise it, such failure does not constitute ineffective assistance. *See Pitts v. Cook*, 923 F.2d 1568, 1573-74 (11th Cir. 1991).

the conviction of one who is actually innocent.'" *Mills*, 36 F.3d at 1055 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)); *see also Bousley*, 523 U.S. at 622 (1998). Mercer does not argue that he his actually innocent of his substantive convictions in this case, but instead argues that he is actually innocent of the career offender enhancement that was applied to him. However, as indicated above, the Eleventh Circuit in *Gilbert II* held that "actual innocence" does not apply to a career offender designation, because status as a career offender is not a separate offense. *See* 640 F.3d at 1320. Because Mercer does not show that he is actually innocent of the substantive offenses for which he was convicted, a claim of actual innocence is unavailable to him either as an independent ground for relief or as an exception to application of the procedural bar.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Mercer be denied, because the claim therein entitles him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before August 23, 2011.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District

Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 9th day of August, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE